IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. H-02-655 |
| § | |
| ELVIS KELLEY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

The defendant, Elvis Kelley, has asked this court to "clarify" that he should receive credit for 37 months that he spent in state custody to reduce his 214 month federal sentence. (Docket Entry No. 55). Kelley asks this court to order that the sentence he served for his state parole revocation run concurrent to the federal sentence imposed on February 27, 2004, and that the Bureau of Prisons credit him for the time he spent in custody from October 25, 2002 to February 17, 2006. The United States has responded.

The record shows that on October 23, 2002, Kelley was indicted for the federal offenses of crack cocaine and cocaine possession with the intent to distribute. The offenses allegedly occurred in June and July 2002. Kelley pleaded guilty to one of the crack-cocaine counts on June 4, 2003. He was sentenced on February 27, 2004, to 262 months, the low end of the guideline range. That range was calculated based on a drug amount of over 240 grams of cocaine powder and over 100 grams of cocaine base; classification as a career offender with a criminal history category of VI; and possession of a loaded handgun. The government filed a Rule 35 motion for reduction of sentence in February 2006, based on cooperation by a relative for his benefit, which reduced his

sentence to 214 months. The sentence begins to run, according to Kelley, on February 17, 2006. Kelley asserts that it should run on October 25, 2002, to give him credit for the time he served for his state offenses. The state time that Kelley seeks to run concurrent with his federal sentence was for state parole violations for offenses unrelated to the federal offense of conviction. The federal sentence is silent as to whether the undischarged state sentence would run consecutive or concurrent to the federal time. Under the statute, 18 U.S.C. § 3584, absent a court order, the sentences run consecutively.

In this case, had the issue been raised, this court would have ordered a consecutive sentence. The factors under 18 U.S.C. § 3553(a) all support consecutive terms for unrelated sentences. The plea colloquy made it clear that there was no promise that there would be a reduction in the federal sentence based on credit for the state time. There is no basis in the record to have the federal sentence reduced to give Kelley credit for state time served for his parole revocations.

The motion for clarification for credit for state time served is denied.

SIGNED on July 28, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge